IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00074-F-1
No. 5:11-CV-00686-F

| | | |
|---|---|---|
| DOMINIQUE ALEXANDER JONES,<br>Petitioner | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

This matter is before the court on the Government's Motion to Dismiss [DE-59] Dominique Alexander Jones' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-55]. Also before the court are four Motions to Amend [DE-63, DE-65, DE-67, DE-70] filed by Jones. In his § 2255 motion, Jones contends that he was improperly sentenced as a career offender, in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In its Motion to Dismiss, the Government argues that dismissal is warranted because Jones waived review under 28 U.S.C. § 2255 of any issue except for a claim of ineffective assistance of counsel or prosecutorial misconduct.

**Procedural Background**

On March 17, 2010, Jones was charged in a two-count indictment. *See* Indictment [DE-1]. In Count One, he was charged with possession with intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Two, he was charged with possession with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

On June 8, 2010, pursuant to a written plea agreement [DE-20], Jones entered a plea of

guilty to Count Two of the Indictment. [DE-19.] On January 31, 2011, Jones was sentenced to 360 months' imprisonment. *See* Judgment [DE-40].

## I. Waiver

The Government argues that Jones' § 2255 is barred by the waiver contained in his plea agreement. [DE-60]. The Government specifically contends that the waiver in Jones' plea agreement allows for post-conviction relief only for claims of ineffective assistance of counsel or prosecutorial misconduct, and it notes that neither have been raised by Jones in his § 2255. *Id.* Additionally, the Government argues that a waiver is enforceable so long as the defendant waives this right knowingly and voluntarily, and the Government notes that Jones has not alleged that his waiver was unknowing or involuntary. *Id.*

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Jones' plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from

2

a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-20]. The undersigned finds that Jones' waiver was both knowing and voluntary. Jones' § 2255 does not raise claims of ineffective assistance of counsel or prosecutorial misconduct. As such, Jones has waived the right to pursue the claim he has set forth in his § 2255.

## II. Motions to Amend

After filing his § 2255 motion, Jones sought leave to amend on February 29, 2012 [DE-63], April 24, 2013 [DE-65], May 6, 2013 [DE-67], and August 2, 2013 [DE-70]. The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross,* 313 F.3d 184, 198 n.15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists ... , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.,* 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999).

In his February 29, 2012 Motion to Amend, Jones argues that he received ineffective assistance of counsel. [DE-63.] Specifically, Jones contends that his attorney advised him that he

3

would be free to challenge any enhancements to his sentence, and that absent this representation from his attorney, he would not have pled guilty. *Id.*

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Therefore, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

Assuming, *arguendo*, that Jones could show that his counsel's performance was somehow deficient, the undersigned finds that Jones cannot sustain a claim under *Strickland* because he cannot show that he was prejudiced. As noted above, Jones' plea agreement contained a waiver in which he "knowingly and expressly" waived "all rights, conferred by18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." *See* Plea

4

Agreement [DE-20]. The transcript from the Rule 11 hearing reveals that the plea agreement, including this waiver provision, was read into the record at Jones' June 8, 2010 hearing. [DE-19.] Thus, even if his attorney provided him with misinformation, the Rule 11 hearing clarified this misinformation. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (holding that the petitioner failed to show prejudice with his ineffective assistance of counsel claim when his properly-held Rule 11 hearing clarified any misinformation from his attorney). For this reason, a decision by this court to allow the amendment would be futile. Accordingly, Jones' Motion to Amend [DE-63] is DENIED.

Jones also filed Motions to Amend on April 24, 2013 [DE-65], May 6, 2013 [DE-67], and August 2, 2013 [DE-70]. The claims contained in these Motions to Amend, however, are time-barred.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

A § 2255 claim presented in a motion to amend which is filed more than one year after the conviction becomes final is untimely under 28 U.S.C. § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

In this case, Jones appealed to the Fourth Circuit Court of Appeals. Thus, Jones' conviction became final when the Fourth Circuit issued its mandate on October 24, 2011. [DE-54.] Because the remaining Motions to Amend were filed on April 24, 2013 [DE-65], May 6, 2013 [DE-67], and August 2, 2013 [DE-70], the undersigned concludes that the claims contained therein are untimely under § 2255(f)(1). In addition, the undersigned further concludes that because the claims bear no relationship in law or fact to the claims asserted in Jones' timely-filed § 2255 claims, the new claims do not relate back and are time-barred under § 2255(f)[1].

Jones argues that to the extent that his Motions to Amend are untimely and do not relate back, the doctrine of equitable tolling should be applied. [DE-70.] Specifically, he contends that he is entitled to equitable tolling because his attorney's filings were done without his authorization. *Id.*

---

[1] Jones has not argued facts upon which the claims set forth in his Motions to Amend could be deemed timely under § 2255(f)(2), based on the removal of an impediment; under 2255(f)(3), based on rights newly recognized by the Supreme Court; or under § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

6

In *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, 130 S.Ct. 2549 (2010)[2], the Supreme Court affirmed that equitable tolling applies to the AEDPA. In *Holland*, the Court explained that in order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See id.* at 2562.

The undersigned finds that Jones has not shown that he is entitled to relief under the doctrine of equitable tolling. Specifically, Jones does not allege or establish that he diligently pursued his rights. Therefore, Jones' Motions to Amend [DE-65, DE-67, DE-70] are DENIED as time-barred.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-59] is ALLOWED, and Jones' § 2255 motion [DE-55] seeking relief in the instant case on *Simmons* grounds is DISMISSED. It is further ordered that Jones' Motions to Amend [DE-63, DE-65, DE-67, DE-70] are DENIED. The undersigned also concludes that Jones has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 10 day of September, 2013.

_____
James C. Fox
Senior United States District Judge

---

[2] Although *Holland* concerned a state prisoner's federal habeas action, its rationale has been applied to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States*, No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell*, No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi*, No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

7